UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JAMES D. VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 5:12-cv-11-JMH |
| v. | ) | |
| | ) | |
| E.D. BULLARD COMPANY, | ) | **MEMORANDUM** |
| | ) | **OPINION & ORDER** |
| Defendant. | ) | |

** ** ** ** **

On June 7, 2013, the Court ordered [DE 110] Defendant E.D. Bullard Company to show cause why declaratory judgment should not be entered in favor of Plaintiff with respect to the claim for relief in Count VI of the Amended Complaint. In Count VI, Plaintiff seeks a declaration that he is entitled to keep the $20,000 signing bonus that he received from Bullard pursuant to the parties' Agreement and which was his to keep so long as his employment was not terminated "for cause" within a certain time period. Defendant has now filed a Response [DE 112] in which it maintains the request for declaratory relief should be denied because, under the terms of the parties' Agreement, Plaintiff is obligated to repay the full value of the signing bonus because Plaintiff was, in fact, terminated "for cause".

Specifically, Bullard takes the position that, while "for cause" is not defined in the Agreement, it can be generally understood to mean termination for a specific reason. Bullard further argues that the fact that it concluded and told Vogel that he was not a "good fit" at Bullard falls into this category of termination and that, ultimately, the evidence shows that he was terminated "for cause" because the company's leaders saw that he was not fit for the position due to "his inability to adequately perform his job."

"The construction, meaning, and legal effect of a written contract are matters of law for the court to decide. Absent ambiguity, a written contract is enforced according to its terms, with words being given their ordinary meaning." *Biber v. Duplicator Sales & Serv., Inc.,* 155 S.W.3d 732, 735 (Ky. Ct. App. 2004) (citing *Morganfield Nat. Bank v. Damien Elder & Sons,* 836 S.W.2d 893 (Ky. 1992); *O'Bryan v. Massey–Ferguson, Inc.,* 413 S.W.2d 891 (Ky. 1966)). "Cause" is not defined in the signing bonus Agreement, so the Court is left to give the words their ordinary meaning.

The Court wrote earlier in this action that, as commonly used, "for cause" would mean that "one is let go for a reason, because of some action or inaction

unacceptable to the employer because it is illegal or in direct contravention of company policy or directive from a superior – not just mere dissatisfaction with performance and nothing more, unless it is defined as such in a writing." [DE at 110.] Having considered the matter further, the Court concludes that the definition goes too far.

Merriam-Webster defines "cause" in the context of "an employee discharged for *cause*" as "a good or adequate reason: a sufficient activating factor." *See* http://unabridged.merriam-webster.com/unabridged/cause (last viewed August 6, 2013) (emphasis in original). This more limited understanding of the term "for cause", which correlates to the first portion of the Court's earlier statement, strikes the Court as a just interpretation of the contract, giving its words their ordinary meaning.

This is particularly so in light of Kentucky case law which provides that, when a contract has a termination provision for cause, an employer cannot be held liable for breach of contract unless the decision to terminate the employee's employment is not justified. *See Shah v. Am. Synthetic Rubber Corp.,* 655 S.W.2d 489, 492 (Ky. 1983) ("Whether [an employee's] employment contract contained a 'termination for cause only' covenant or whether he was

fired in accordance with company policies and procedures for one or more of the many causes alleged by [the employer] cannot be resolved against him ... [without] application of the good faith standard established in *Crest Coal Co., Inc. v. Bailey, . . .* 602 S.W.2d 425 ([Ky.] 1980).”); cited in *Oliver v. J.J.B. Hilliard, W.L. Lyons, Inc.*, Nos. 2010-CA-001138-MR, 2010-CA-001236-MR, 2010-CA-001428-MR, and 2010-CA-001479-MR, 2013 WL 762593, at *4-5 (Ky. Ct. App. Mar. 1, 2013) (unpublished opinion). Further, the burden of “show[ing] bad faith [is] on the [employee].” *Crest Coal Co., Inc. v. Bailey*, 602 S.W.2d 425, 426 (Ky. 1980).[1] Ultimately, to be “for cause,” an

[1] In *Crest Coal Co., Inc. v. Bailey*, 602 S.W.2d 425 (Ky. 1980), the Kentucky Supreme Court considered the termination of an employee’s employment under a contract which provided for employment so long as employer was “satisfied” with the employee’s work. The Kentucky Supreme Court remanded the matter to the trial court with directions to enter a judgment for the employer, holding that the trial court erred when it denied the employer’s motion for a directed verdict. Specifically, the Supreme Court determined that a reasonable person could not find that the employer acted in bad faith where there was sufficient evidence of the employer’s justified dissatisfaction with the employee’s work where the employee’s work attendance record showed a long and consistent pattern of unexcused and unexplained absences; his immediate supervisor and foreman testified that, in addition to his unsatisfactory attendance record, respondent's work product was inferior; an office employee of the company stated that respondent had come into the company office on several occasions with alcohol on his breath; and another witness testified that he had seen employee out drinking when he was supposed to be working.

employee’s dismissal must be for a good or adequate reason and not made in bad faith.

By extension, in this matter, the Court concludes that Vogel has a right under the parties’ Agreement to keep the bonus paid to him so long as (1) his employment was not terminated for cause or (2) his employment was terminated for cause but the employer’s decision was taken in bad faith, i.e., was not justified. The Court is not immediately persuaded that Vogel was terminated “for cause” because Defendant’s stated reason for terminating Plaintiff’s employment at the time his employment ended was that he was “not a good fit” – not because Vogel was not performing his job. There is, however, evidence that Bullard – at least so far as Pasch was concerned – was not pleased with Plaintiff’s efforts on the job and that those feelings or concerns may have factored into the decision that Vogel was not a “good fit.” This could lead a trier of fact to determine that the termination was “for cause.”

That said, there is no evidence in the record of Bullard’s investigation into or method of reviewing Vogel’s performance and little detail with respect to any actions or inactions on Vogel’s part with which his supervisors were dissatisfied. At best, the Court knows that Vogel concedes that he failed to collate information about

competitors from their 10-K forms and that Pasch repeatedly told him that he felt Vogel was not leading and needed to grow sales, learn distribution channels, and provide input and strategy for the company's endeavors. While it is scanty, there is evidence of pre-termination meetings in which this criticism of Vogel's performance was shared with Vogel.

Of course, having stated that his employment ended because he was not a "good fit," Bullard's reliance on what was said (of which little is revealed in the evidence before this Court) during Pasch's meetings with Vogel sounds a bit like post hoc reasoning with respect to the decision to terminate Vogel's employment. Even if the reliance on those criticisms was not post hoc, it could also be understood from the evidence that Pasch was busy constructing an opportunity to fire Vogel after Pasch had already decided that he no longer wished for Vogel to remain employed with the company. If his criticisms were then levied in bad faith, relief would be due to Vogel on his claim.

Ultimately, there is "evidence on which a jury could reasonably find for" either party, depending on which version of the story is believed. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It may be just

barely beyond the mere scintilla of evidence discussed in *Anderson*, but it demands a trial of this matter. Considering the presentation of evidence to date, the Court again concludes that summary judgment in favor of Defendant on this issue is not appropriate. The Court concludes, however, that there remains a question as to what motivated the decision to terminate Vogel's employment and whether or not the decision to terminate his employment was taken in bad faith. Thus, summary judgment in favor of Vogel is not appropriate either.

    Accordingly, **IT IS ORDERED**:

(1) That the Court's June 7, 2013, Order to show cause is **DISCHARGED**;

(2) That the parties shall file a **JOINT STATUS REPORT** within **ten (10) days** of the entry of this order in which they shall address:

    (a) their readiness for trial;

    (b) which, if any, of the pending Motions in Limine [DE 79 through 86] are relevant with respect to the remaining claim; and

    (c) the anticipated length of the trial on the remaining claim.

(3) That this matter is set for a final pretrial

conference on **Monday, September 9, 2013**, at **11:00.** This conference shall be conducted telephonically. The parties shall make arrangements for the call and, once all parties are on the line, they shall contact the undersigned in his chambers by calling (859) 233-2415.

(4) That this matter is set for a jury trial on **Tuesday, October 1, 2013**, at **9:00 a.m.** in **LEXINGTON, KENTUCKY.**

(5) The parties are reminded that this matter remains referred to Magistrate Judge Robert E. Wier for such expedited settlement processes as he shall direct by subsequent order. Counsel shall consult and contact Magistrate Judge Wier's office directly should they wish to schedule a settlement conference, in keeping with his Order of June 21, 2013 [DE 111].

This the 7th day of August, 2013.

**Signed By:**

***Joseph M. Hood*** JMH

**Senior U.S. District Judge**