**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JAMES D. VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 5:12-cv-11-JMH |
| v. | ) | |
| | ) | |
| E.D. BULLARD COMPANY, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Plaintiff Vogel's Motion in Limine to Exclude Evidence Regarding the Reason(s) for Defendant's Termination of Plaintiff's Employment and to Exclude Presentation of Evidence Requested by Plaintiff in Discovery but Not Disclosed or Produced by Defendant [DE 86]. Defendant has filed a Response [DE 100] stating its objections. The Court, being adequately advised and having considered the arguments of the parties, shall grant the Motion.

Fed. R. Civ. P. 37(c)(1) provides that, "[i]f a party fails to provide information…as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless. This exclusion is "automatic and mandatory" without the showing of

substantial justification or harmlessness. *See Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).

In its Answer to Plaintiff's Interrogatory No. 6, Defendant stated that it "terminated Plaintiff's employment for various reasons, including, but not limited to, his general inability to perform his job duties, his failure/inability to communicate, his lack of leadership, and his failure to act on important company initiatives." It identified Eric Pasch and Linda Huesing as the individuals involved in the Defendant's decision to terminate Plaintiff's employment in its response to Plaintiff's Interrogatory No. 3. In response to Plaintiff's requests for production of documents, Defendant referred Plaintiff to the documents produced with Defendant's Rule 26(a)(1) initial disclosures. Defendant also identified documents BULLARD000144-521 as responsive to inquiries about the reasons for the termination of Vogel's employment.

Most of the discussion in the motion and response centers around the deposition testimony of Defendants' agent, Eric Pasch, who announced to the company that Plaintiff was no longer with the company because "[Vogel] and I both realized that the move to Bullard was not a good

2

fit for him." [Pasch depo. 327:11-12.] Pasch also separately informed marketing and sales employees that, "after six months I realized [Vogel] wasn't going to make it at Bullard. He wasn't happy." [Pasch depo. 328:6-8.]

During his deposition, Pasch testified that he decided at a meeting with Vogel on July 6, 2012, that Vogel's employment would be terminated. He said of that meeting,

> It didn't last very long. I explained to Jim that it wasn't going to work, in so many words, it wasn't the right place for him. And again as I testified earlier, it wasn't just the work itself; you could tell for the last two or three months he wasn't enjoying himself. I wasn't sure if it was on purpose; I couldn't get him to tell me whether it was or it wasn't. And so I said, "We're just going to end this. It's not going to work."[1]

[Pasch depo. 320:2-10.]

Defendant has pointed out that Pasch, Rick Miller, and Linda Huesing testified about issues with Plaintiff's job performance "that led to his termination," although it is not clear to which testimony of Miller and Huesing Defendant refers. However, Pasch has testified to a number

---

[1] On cross-examination, Pasch admitted that Vogel never told him that the move to Bullard was not a good fit for him and that Vogel told Pasch that he wanted to remain employed with Bullard and make it work – and that, contrary to what Pasch told Bullard's employees, Vogel did not resign from his employment.

3

of criticisms of Vogel's work, discussing what he views as Vogel's shortcomings as an employee.  *See*, e.g., Pasch Depo 87:8-15, 88:2-4, 88:24-89-2, 88:3-22, 230:22-231:1, 231:13-232:10, 234:25-235:4, 235:6-9, 235:10-20, 239:12-240:23, 272:12-20, 289:5-17, 290:13-21.  What is less clear is how these criticisms tie in to the decision to terminate Vogel's employment or whether they reveal a good or bad faith action in that regard.  That is the question for the jury in this matter.

Ultimately, the Court agrees with Plaintiff that, Defendant having had every opportunity in the course of discovery to provide its reasons for the termination of Vogel's employment, it is now limited to what it has revealed about that decision making process and its agents' criticisms of Vogel during the discovery period in this matter.  No new reasons or information will be admitted into evidence at trial.

**Accordingly, IT IS ORDERED**

(1) that Plaintiff Vogel's Motion in Limine to Exclude Evidence Regarding the Reason(s) for Defendant's Termination of Plaintiff's Employment and to Exclude Presentation of Evidence Requested by Plaintiff in Discovery but Not Disclosed or Produced by Defendant [DE 86] is **GRANTED;** and

4

(2) that the following evidence is **EXCLUDED** from the trial in this matter:

(a) Evidence regarding the reason(s) for Defendant's termination of Plaintiff's employment requested by Plaintiff but not disclosed/produced by Defendant; and

(b) The presentation of evidence or the production of information or documents requested by Plaintiff in discovery but not disclosed/produced by Defendant in its discovery responses..

This the 4th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge