UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JAMES D. VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 5:12-cv-11-JMH |
| v. | ) | |
| | ) | |
| E.D. BULLARD COMPANY, | ) | **MEMORANDUM** |
| | ) | **OPINION & ORDER** |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant E.D. Bullard Company's ("Bullard") Motions in Limine to Exclude All Testimony and Evidence Regarding Plaintiff's Abilities and Experience Prior to Joining E.D. Bullard [DE 79], to Exclude All Testimony and Evidence About Eric Pasch's Relationship With His Son [DE 81], to Exclude All Testimony of Peter A. Kunk [DE 82], to Exclude All Testimony of Debbie Kenny [DE 83], and to Exclude All Evidence and Testimony About Plaintiff's Conversations with Glen Weingarth [DE 85]. Plaintiff has filed Responses [DE 101, 102, 103, 104, 107], stating his objections to these motions. No Replies in further support of the Motions in Limine have been filed, and the time for doing so has now

expired. Having considered these motions, the Court concludes that they should be granted.

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence. . . and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by relevant law or rule, and "[i]rrelevant evidence is not admissible." Fed. R. Civ. P. 402. Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.

With these rules in mind, the resolution of Defendant's motions in limine is a straightforward matter. The issue to be tried is quite limited: whether Vogel has a right under the parties' Agreement to keep the signing bonus paid to him so long because either (1) his employment was not terminated for cause or (2) his employment was terminated for cause but the employer's decision was taken in bad faith, i.e., was not justified. Thus, the trier of fact will need to consider facts related to Plaintiff's

performance during his tenure at the company and facts which informed Bullard's decision to terminate his employment.

Testimony and evidence about Vogel's abilities and experience prior to joining Bullard and his conversations with a recruiter, Glen Weingarth, in the period leading up to his employment, therefore, have no tendency to make a fact about his employment experience or performance while at Bullard or the termination of that employment more or less probable than it would be without the evidence nor are they of consequence in the determination of the action. *See* Fed. R. Evid. 401 and 402. Further, the Court cannot fathom how testimony or evidence about Eric Pasch's relationship with his son, no matter how charged or even violent that relationship might be, could be relevant to the matter at hand. *Id*.

Finally, the Court concludes that the testimony of Debbie Kenny, who held the same position as Vogel but whose employment with Bullard was terminated more than a year before he joined the company, is not relevant to the matter to be tried. She may have also been let go because she was "not a good fit," but she has no personal knowledge of Vogel's employment or the termination of his employment. The Court is not persuaded that the use of similar

3

terminology with respect to the reason for her departure or even the fact that she may have had a similar experience with the management at Bullard makes the facts within her knowledge relevant to a determination of this action. Similarly, the testimony of Peter A. Kunk, who consulted with and coached Kenny and others at Bullard more than two years before Vogel's employment with the company is hardly relevant. He has no first-hand knowledge of Vogel's experience or the environment at Bullard during Vogel's nearly six-month employment at the company. As this evidence would be irrelevant to the inquiry at trial, it shall be excluded.

Accordingly, **IT IS ORDERED**:

(1) That Defendant E.D. Bullard Company's Motions in Limine to Exclude All Testimony and Evidence Regarding Plaintiff's Abilities and Experience Prior to Joining E.D. Bullard [DE 79], to Exclude All Testimony and Evidence About Eric Pasch's Relationship With His Son [DE 81], to Exclude All Testimony of Peter A. Kunk [DE 82], to Exclude All Testimony of Debbie Kenny [DE 83], and to Exclude All Evidence and Testimony About Plaintiff's Conversations with Glen Weingarth [DE 85] are **GRANTED**;

(2) that all evidence regarding Plaintiff's abilities and experience prior to his employment with E.D. Bullard Company is **EXCLUDED** from the trial of this matter;

(3) that all testimony and evidence about Eric Pasch's relationship with his son, including, but not limited to, the topics mentioned in the deposition citations listed in the motion, are **EXCLUDED** from the trial of this matter;

(4) that all testimony of Peter A. Kunk is **EXCLUDED** from the trial of this matter;

(5) that all testimony of Debbie Kenny is **EXCLUDED** from the trial of this matter; and

(6) that all evidence and testimony about Plaintiff's conversations with Glen Weingarth are **EXCLUDED** from the trial of this matter.

This the 16th day of October, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge