**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JAMES D. VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 12-cv-11-JMH |
| | ) | |
| E.D. BULLARD COMPANY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

** ** ** ** **

This matter is before the Court by virtue of the Court's Order [DE 134] of January 6, 2014, and the parties' briefing [DE 135-37] on the issue of which terms constitute the parties' agreement with respect to retention of the signing bonus paid to Plaintiff and Counter-defendant James D. Vogel by Defendant and Counter-plaintiff E.D. Bullard Company ("Bullard"). The Court being adequately advised, it concludes that the parties' initial agreement, the terms of which were set forth in Bullard's offer letter dated December 30, 2010, controls as a matter of law. Having reached that conclusion and upon its own motion, the Court will require the parties to show cause why judgment in favor of Vogel should not be entered with respect to Count Six

1

of his Amended Complaint and Count One of Bullard's Counterclaim. The Court's reasoning is set forth below.

## I.  Background

As part of its effort to hire Vogel as its Vice-President of Marketing and Sales, Bullard sent him a letter, dated December 30, 2010, outlining their offer of employment. The company included a promise to pay a $20,000 signing bonus on the condition that Vogel became an employee of Bullard, payable thirty days after his start date. [*See* DE 136-1.] That signing bonus was, by the terms of the offer letter, subject to full repayment to Bullard on one condition: "should [Vogel] voluntarily terminate [his] employment within two years of [his] start date." [DE 136-1 at 1.]

There is no dispute that Vogel accepted the offer, commenced his employment with Bullard on January 17, 2011, and was still employed there thirty days from that date. Meanwhile, on February 10, 2011, Bullard's Vice President and COO, Eric Pasch, approached Vogel and, after stating that Bullard owed him the signing bonus, asked him to sign a written document entitled "Agreement" before receiving the signing bonus owed to him by the company. The document restated the terms for the payment of

the signing bonus set forth in the original offer letter, including Vogel's obligation to repay the bonus in the event of a voluntary termination of his employment within two years of the start date of his employment. [DE 136-2 at 1-2.] The "Agreement" also included an additional term requiring that the bonus be repaid in full "if Bullard terminate[d] [Vogel's] employment for cause within two years after his hire date." [*Id.* at 1.]

Pasch conceded that Bullard owed Vogel the bonus, stating to him, "Look, it's been 30 days; we owe you the bonus . . ." and that, if Vogel "would have had a problem with it, I would have paid [the signing bonus] anyway." Nonetheless, Vogel signed the Agreement after reviewing it. Vogel concedes that he was aware of the difference in the language contained in the Agreement and the offer letter and that Pasch pointed out the difference to him at that time. Vogel asked no questions about the modification of the original terms of the parties' agreement and, according to Pasch, said he was comfortable with the change. Bullard paid Vogel the $20,000 signing bonus. Bullard terminated Vogel's employment with the company within six months of his start date.

In Count Six of his Amended Complaint, Vogel seeks a declaration that the written "Agreement" is not enforceable and the $20,000 signing bonus is his to keep under the terms of the parties' agreement set forth in the offer letter in December 2010 because he did not voluntarily terminate his employment within two years of the start date of his employment with Bullard. In the sole count of its Counterclaim, Bullard seeks repayment of the signing bonus by Vogel under the terms of the February 2011 "Agreement" on the grounds that Vogel's employment was terminated for cause within two years of commencing employment with Bullard. For the reasons set forth below, the terms of the parties' initial agreement control this situation as a matter of law.

## II.  Standard of Review

Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Johnson v. United States Postal Serv.*, 64 F.3d 233, 236 (6th Cir. 1995). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to come forward with evidence showing that there is a genuine issue for

trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A mere scintilla of evidence is insufficient; rather, "there must be evidence on which the jury could reasonably find for the [nonmovant]." Id. at 252. This standard requires a court to make a preliminary assessment of the evidence, in order to decide whether the non-moving party's evidence concerns a material issue and is more than de minimis. *Hansel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996). The mere "possibility" of a factual dispute is not enough. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

As a practical matter, there are no disputes of fact which are material to the issues before the Court today. Rather, there is a question of what happens when the law is applied to those facts. Accordingly, summary judgment is appropriate where appropriate notice has been provided.

**III. Discussion**

As an initial matter and as set forth below, the Court concludes that, as a matter of law, the parties entered into an enforceable agreement on the terms set forth in Bullard's December 30, 2010, offer letter. Next, the Court considers

whether that document called "Agreement," dated February 10, 2011, effectively modified the parties' earlier agreement with respect to Vogel's signing bonus, set forth in Bullard's December 30, 2010, offer letter. As explained below, in the absence of adequate consideration inuring to Vogel in exchange for the additional term concerning any termination of employment for cause included in the "Agreement," no effective modification of the contract was made. The initial agreement between the parties controls the matter, and Bullard has no grounds upon which to demand repayment of the signing bonus because Vogel did not voluntarily terminate his employment with Bullard within two years of his start date. Thus, the signing bonus is Vogel's to keep on the undisputed facts that have been brought before this Court time and time again.

To form a contract under Kentucky law, parties must have an offer and acceptance, full and complete terms, and consideration. *See Collins v. Kentucky Lottery Corp.* 399 S.W.3d 449, 455 (Ky. Ct. App. 2012) (citing *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.,* 94 S.W.3d 381, 384 (Ky. Ct. App. 2002)). In its December 30, 2010, offer letter to Vogel, Bullard *offered* Plaintiff Vogel several benefits that would inure to him in exchange for his becoming an employee at

Bullard, including a $20,000 signing bonus. Vogel *accepted* that offer by commencing employment and, thus, fulfilled the *consideration* that he owed Bullard. The parties, thus, formed an enforceable agreement, and, under its *terms*, the signing bonus was to be paid to Vogel thirty days after his start date, subject to repayment in full to Bullard only if Vogel voluntarily terminated his employment within two years of his start date.

Bullard then sought to modify the parties' agreement by inserting an additional term in the written document that it provided to Vogel on February 10, 2011, when it sought his signature. That modification, if enforceable, would oblige Vogel to repay the signing bonus in full if his employment was terminated for cause within two years of his start date. The effort at modification was, however, unsuccessful for want of consideration inuring to the benefit of Vogel, notwithstanding his signature on the document.

While parties may modify an existing and enforceable contract under Kentucky law, the "modification must conform to the principles of law relating to the execution of valid contracts, including a valid consideration, in order for rights to accrue thereunder." *Wallace v. Cook*, 227 S.W. 279, 280-81

(Ky. 1921) (addressing oral modifications to prior written contracts); *Whayne Supply Co. v. Gregory*, 291 S.W. 2d 835, 839 (Ky. Ct. App. 1956) (same). A "material alteration in terms of an existing agreement cannot be enforced unless a consideration for the change enures to the party whom the new agreement is being enforced against." *Martin v. Pack's Inc.*, 358 S.W. 3d 481, 484 (Ky. Ct. App. 2011) (citing *Pool v. First Nat'l Bank of Princeton*, 155 S.W.2d 4, 6 (Ky. 1941)). "It is a fundamental principle of law that a material alteration in the terms of an existing contract cannot be enforced unless a consideration for the change passes to the party against whom it is sought to enforce the altered condition." *Pool*, 155 S.W.2d 4, 6.

Bullard suggests that Vogel's continued at-will employment with the company was sufficient consideration inuring to Vogel to enforce the modified agreement against him because Kentucky courts have concluded that employer-employee agreements may be enforced where a promise is made by an employee in exchange for merely retaining his or her job with the employer, relying on *Charles T. Creech Inc. v. Brown*, 2012 Ky. App. Upub. LEXIS 1033, *21 (Ky. Ct. App. 2012) (citing *Dunn v. Gordon Food Servs.*, 780

F. Supp. 2d 570, 574 (W.D.Ky. 2011)).[1]  This may well be the case on the right facts, but Bullard points to no evidence that it obtained Vogel's signature on the modification document in exchange for a promise that he could keep his job rather than be fired for declining to sign the document.

Pasch testified that he approached Vogel with the Agreement as he sat "in his office at his desk" where Pasch "put it in front of him" and said "Look, it's been 30 days; we owe you the bonus . . ."  He also testified that if Vogel "would have had a problem with it, I would have paid [the signing bonus] anyway." There is, however, no evidence that Bullard intended to pay the signing bonus but terminate Vogel's employment immediately if Vogel declined to sign the "Agreement" or that Pasch or anyone at Bullard told Vogel that his further employment was contingent on his signature.

Nor can the $20,000 itself be considered the new consideration to support the modification as Bullard also suggests.  Consideration is "a benefit conferred to a promisor or a detriment incurred by a promisee." *Ham Broadcasting Co.,*

---

[1] The Kentucky Court of Appeals decision in *Charles T. Creech Inc. v. Brown* has been withdrawn pending discretionary review by the Supreme Court of Kentucky.

*Inc. v. Cumulus Media, Inc.,* Civil Action No. 5:10-cv-00185, 2013 WL 275565, *3 (W.D. Ky. Jan. 24, 2013) (citing *Huff Contracting v. Sark*, 12 S.W. 3d 704, 707 (Ky. Ct. App. 2000)). However, a "benefit occurs when the promisor, in exchange for the promise, obtains a new right to which he was not otherwise entitled." *Martin v. Pack's Inc.*, 358 S.W.3d 481, 484 (Ky. Ct. App. 2011). Having agreed to the terms set forth in the letter, Vogel was already entitled to the payment of the signing bonus when he commenced employment with Bullard, so the $20,000 payment could not be considered a "new right." A "detriment occurs when the promisee, in exchange for the promise, waives a right to which he was otherwise entitled to exercise." *Id.*; *Huff Contracting*, 12 S.W.3d at 707. There is no evidence that Bullard waived any right to which it was otherwise entitled, including its right to terminate Vogel's employment "at will" in that moment as consideration for Vogel's giving up a right already secured – the payment of the $20,000 without any additional terms beyond those in the offer letter. Certainly, Bullard might have secured the modification by conditioning Vogel's continued at-will employment with the company on his agreement to the additional term, but Bullard did not do so.

Accordingly, in the absence of adequate consideration inuring to Vogel in exchange for the new term proposed in the "Agreement", there was never an effective modification of the parties' initial agreement. Rather, the terms set forth in the offer letter control as a matter of law. In the absence of evidence in the record that Vogel voluntarily terminated his employment with Bullard within two years of his start date, the Court concludes that Vogel is entitled to keep the $20,000 signing bonus.

As this final conclusion is being drawn on the Court's own motion,

**IT IS ORDERED:**

(1) that the parties shall have ten (10) days from entry of this order to **SHOW CAUSE** why judgment should not be entered in favor of Vogel on Count Six of his Amended Complaint [DE 60] and Count One of Bullard's Counterclaim [DE 52].

**IT IS FURTHER ORDERED:**

(2) that all scheduled proceedings and deadlines, other than those set forth in paragraph (1), above, are **CONTINUED GENERALLY,** pending further order of the Court.

This the 31st day of January, 2014.



Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**