UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JAMES D. VOGEL, | |
| Plaintiff, | Civil Action No. |
| | 5:12-CV-00011-JMH-REW |
| v. | |
| | **MEMORANDUM OPINION AND ORDER** |
| E.D. BULLARD COMPANY, | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant's Bill of Costs [DE 144]. Plaintiff has filed a Response stating its opposition [DE 145], and Defendant has filed a Reply in further support of its request for relief. Accordingly, this matter is ripe for review. Having reviewed the record and being otherwise sufficiently advised, Defendant's request for relief is denied, and the parties shall each bear their own costs.

The Court considers whether Defendant is a "prevailing party," entitled to an award of costs. Federal Rule of Civil Procedure 54(d)(1) states that costs other than attorney's fees should be allowed to the prevailing party. A party is the prevailing party where (1) it receives "at least some relief on the merits of [its] claim" and (2) there is a "judicially sanctioned change in the legal relationship of the parties."

1

*Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012) (citing *Buckhannon Board and Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-605 (2001)). When the results of a case are mixed, however, both parties have "prevailed." *Mills v. City of Barbourville*, 389 F.3d 568, 581 (6th Cir. 2004) (concluding that when both plaintiff and defendants prevailed in part, the defendants could not be considered a "prevailing party" and each party should bear its own costs); *Lynch v. Sease*, CIV.A. 6:03-479-DCR, 2007 WL 2844962, 2 (E.D. Ky. Sept. 28, 2007) (holding that each party would bear its own costs and expenses when both prevailed on certain claims).

Both parties in this case received at least some relief on the merits of a claim, and, thus, both achieved a change in the legal relationship of the parties. Six causes of action were included in Plaintiff's Complaint [DE 146]. Judgment was entered in favor of Plaintiff with respect to his sixth claim, seeking a declaratory judgment concerning a signing bonus, Defendant's counterclaim seeking relief under the same agreement, and judgment was entered in favor of Defendant on Plaintiff's five remaining claims. [DE 145 and DE 146]. Thus, neither party can be the single "prevailing party" for purposes of awarding costs,

and the Court concludes that each party must bear its own costs due to their shared "prevailing party" status.

Accordingly, **IT IS ORDERED** that the request for relief found in Defendant's Bill of Costs [DE 144] is **DENIED**.

Dated this 24th day of June, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge