UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JAMES D. VOGEL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 5:12-CV-00011-JMH-REW |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| E.D. BULLARD COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiff's Bill of Costs [DE 157]. Defendant has filed a Response stating its opposition [DE 159], and Plaintiff has filed a Reply [DE 160] in further support of his request for relief. Accordingly, this matter is ripe for review. Having reviewed the record and being otherwise sufficiently advised, Plaintiff's request for relief is denied, and the parties shall each bear their own costs.

As it did the last time it considered a Bill of Costs in this matter, the Court considers whether Plaintiff is a "prevailing party," entitled to an award of costs. Federal Rule of Civil Procedure 54(d)(1) states that costs other than attorney's fees should be allowed to the prevailing party. A party is the prevailing party where (1) it receives "at least some relief on the merits of [its] claim" and (2) there is a

1

"judicially sanctioned change in the legal relationship of the parties." *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012) (citing *Buckhannon Board and Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-605 (2001)). When the results of a case are mixed, however, both parties have "prevailed."[1] *Mills v. City of Barbourville*, 389 F.3d 568, 581 (6th Cir. 2004) (concluding that when both plaintiff and defendants prevailed in part, the defendants could not be considered a "prevailing party" and each party should bear its own costs); *Lynch v. Sease*, CIV.A. 6:03-479-DCR, 2007 WL 2844962, *2 (E.D. Ky. Sept. 28, 2007) (holding

---

[1] Plaintiff relies on *McQueary v. Conway*, 614 F. 3d 591, 603 (6th Cir. 2010) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790-91 (1989)), for the proposition that "[a] plaintiff crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *McQuery* is not instructive in evaluating his request for costs under Fed. R. Civ. P. 54(d)(1). Rather, *McQuery* addressed the question of whether an individual who obtained a preliminary injunction enjoining the enforcement of a law placing limits on protests at military funeral was a "prevailing party" in a civil rights action under 42 U.S.C. § 1983 and could obtain attorney's fees under 42 U.S.C. § 1988(b) when the preliminary injunction was the only relief that he received because the state legislature repealed the relevant portions of the statute and rendered his § 1983 action moot. This is distinct from the situation in the matter before the Court where each party prevailed on claims that were ultimately the subject of a judgment.

that each party would bear its own costs and expenses when both prevailed on certain claims).

Both parties in this case received at least some relief on the merits of a claim, and, thus, both achieved a change in the legal relationship of the parties. Six causes of action were included in Plaintiff's Complaint. On April 14, 2014, judgment was entered in favor of Plaintiff with respect to his sixth claim, seeking a declaratory judgment concerning a signing bonus and Defendant's counterclaim seeking relief under the same agreement, and judgment was entered in favor of Defendant on Plaintiff's five remaining claims. [DE 142]. On appeal, the United States Court of Appeals for the Sixth Circuit concluded that this Court had erred with respect to the dismiss of Plaintiff's claim for breach of contract related to his temporary living expenses and remanded this matter for further proceedings. Ultimately, the parties entered into a Stipulation for Entry of Judgment on Plaintiff's Breach of Contract Claim for Temporary Living Expenses [DE 153], and this Court entered a judgment in favor of Plaintiff and against Defendant in the amount of $4,638.10 on that claim [DE 156].

Thus, Plaintiff has obtained a judgment in his favor on two of his claims as well as Defendant's counterclaim, but a judgment in favor of Defendant remains in full force and effect

with respect to four of Plaintiff's claims. Thus, neither party is the single "prevailing party" for purposes of awarding costs, and each party must bear its own costs due to their shared "prevailing party" status.

Accordingly, **IT IS ORDERED** that the request for relief found in Plaintiff's Bill of Costs [DE 157] is **DENIED**.

Dated this 10th day of March, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge